COLLEGE OF PHARMACISTS OF PUERTO RICO ETC., Plaintiff and Appellant, *v.* BOARD OF PHARMACY OF PUERTO RICO ET AL., Defendants and Appellees.

No. 8474. Argued June 5, 1942.—Decided July 29, 1942.

790

*R. Fernández Garzot* for appellant. *George A. Malcolm, Attorney General,* and *R. García Cintrón, Deputy Attorney General,* for appellee Insular Board of Pharmacy; *Enrique Igaravídez* for appellees Quiñones, Rosa, and Echeandía; *Manuel A. Rivera* for appellee Monclova.

Mr. Justice De Jesús delivered the opinion of the court.

The practice of pharmacy in this island is regulated by the "Act authorizing the creation of a Board of Pharmacy, determining the validity of certain diplomas of pharmacists, and for other purposes," which has been in force since May 19, 1921 (Laws of 1921, p. 134). In accordance with the same every applicant for admission to the practice of pharmacy must file a diploma showing that he has passed a four years' high school course in Puerto Rico or in an equal or similar instituion of good repute, whether of the United States or of a foreign country, satisfactory to the Board of Pharmacy, and he must also file a diploma of the university or college of pharmacy from which he was graduated. It is likewise provided by §11 of the same act, as amended by Act No. 9, approved May 12, 1927 (Laws of 1927, p. 422), that the applicant must pass an examination in certain subjects which are specified, and that the Board of Pharmacy may grant exemption from such examination in certain enumerated cases.

Notwithstanding the above-cited general act, the Legislative Assembly of Puerto Rico passed four special acts, numbered 226, 231, 237, and 296, all approved on May 15, 1938, for the exclusive benefit of the defendants and appellees who are not members of the Board of Pharmacy, directing

said board to admit to examination said persons despite the fact that they lacked the qualifications required by the above-mentioned general act.

Seeking to have that legislation judicially declared unconstitutional, the College of Pharmacists of Puerto Rico filed in the lower court a petition for a declaratory judgment or decree in which it substantially alleged that the College of Pharmacists of Puerto Rico is a quasi-public corporation created by Act No. 243 of 1938 (Laws of 1938, p. 458) and is duly authorized to represent the pharmacists of this island in the action brought herein; that the defendant Insular Board of Pharmacy of Puerto Rico is also a corporation created by Act No. 15 of May 19, 1921 (Laws of 1921, p. 134) with its domicile located in the city of San Juan, the names of its members being stated; that by virtue of said special acts the Board of Pharmacy was directed to admit to examination the defendants Getulio Echeandía, Carlos Monclova Franceschi, J. M. Quiñones, B. R. Rosa, and Arquidemio Franceschi (whom we shall hereinafter designate as "the defendants" to distinguish them from their codefendant, the Insular Board of Pharmacy, hereinafter called "the Board"); "that the Insular Board of Pharmacy of Puerto Rico is about to approve, there being great probabilities that it will approve, the applications for examination of the said defendants . . . and it will examine them and will grant them licenses to practice pharmacy in Puerto Rico in the event that they should pass said examinations"; that the four acts above mentioned are unconstitutional because (a) they deny to persons residing in Puerto Rico the equal protection of the laws; (b) they are discriminatory and grant unjustified privileges to "the defendants"; (c) they are not uniform and do not apply equally to other persons in a similar situation to that of the said defendants by placing the latter in a position above other persons similarly situated and also placing them in a higher and privileged

position with respect to the pharmacists of Puerto Rico duly authorized to practice their profession under the general Pharmacy Act; (d) because the said legislation deprives the pharmacists of Puerto Rico, who have already been authorized to practice their profession under the general Pharmacy Act, of their property without due process of law; and (c) because said legislation constitutes "an invasion and usurpation on the part of the Legislature of Puerto Rico of the rights, prerogatives, and discretionary powers of the Insular Board of Pharmacy of Puerto Rico." It was further alleged in the petition that "there is an actual or real controversy between the plaintiff and the defendants concerning the facts alleged in this complaint and concerning the questions of law raised in this petition for a declaratory judgment." The petition concluded by praying that the legislation in question be declared unconstitutional for all legal purposes and that all the defendants, including the Board, be adjudged to pay the costs and attorney's fees. The defendants demurred to the complaint and upon their demurrers being overruled, they all answered except the Board, whose default was noted, and likewise that of Arquidemio Franceschi, who failed to appear. After the case had been submitted by stipulation upon the allegations of the complaint and of the various answers, judgment was rendered decreeing that said four acts "do not violate the provisions of the first paragraph of §2 of the Organic Act of Puerto Rico."

Thereupon the College of Pharmacists of Puerto Rico appealed and in its brief it has assigned five errors. The first three assignments involve a single proposition expressed in three different forms, which are virtually reduced to the claim that the legislation in question violates the constitutional guaranty concerning the equal protection of the laws, as it grants exclusively to "the defendants" privileges which are not equally applied to other persons in the same or similar position as the former, thus placing the defendants in

a better position than the pharmacists of Puerto Rico who have been duly authorized to practice their profession under the general Pharmacy Act. In the next assignments, the fourth and the fifth, respectively, it is urged that the above-mentioned legislation deprives the pharmacists of Puerto Rico already admitted to practice their profession, of their property without due process of law, and that said legislation constitutes "an invasion and usurpation on the part of the Legislature of Puerto Rico of the rights, prerogatives, and discretionary powers of the Insular Board of Pharmacy of Puerto Rico."

As in this case the defendants filed demurrers on the ground of lack of facts sufficient to constitute a cause of action, which were overruled by the lower court, and as we are convinced that said demurrers are not without force, we will proceed to consider them in the light of the Uniform Declaratory Judgment Law and of the fundamental principles of constitutional law. For the purpose of our discussion of the demurrers, we must assume that the College of Pharmacists of Puerto Rico is a quasi-public corporation which is legally authorized to represent the pharmacists of Puerto Rico in this proceeding, it being so stated in the allegations of the complaint.

 Section 2 of the law relative to declaratory judgments and decrees, in its pertinent part, says:

"Every person *interested* in a deed . . . or whose rights, status or other judicial [legal] relations are affected by any statute . . . may obtain a determination of *any difference* in regard to the construction or validity of said statutes . . . and also a declaration of the rights, status or other judicial [legal] relations derived therefrom." (Italics ours.)

The first question to be decided in order to determine whether the complaint states facts sufficient to constitute a case for relief within this proceeding, is as follows: Does it appear on the face of the complaint that the plaintiff is

an *interested* party whose rights may be affected by the statute whose validity it challenges?

The position of the plaintiff, as it appears from the complaint, is that the legislation in question deprives its members, the pharmacists of Puerto Rico, of the equal protection of the laws, that it deprives them of their property without due process of law, and lastly that said legislation encroaches upon the rights and privileges of the defendant board.

██ It is a cardinal principle of constitutional law that statutes are presumed to be valid until they have been declared unconstitutional by the courts. ██ It is likewise established that the constitutionality of a statute can not be challenged unless the person who attacks it shows that said statute deprives him of rights protected by the Constitution. In this connection it was said by the Supreme Court of the United States in *Plymouth Coal Co.* v. *Pennsylvania*, 232 U. S. 531, 544:

"We may once more repeat, what has been so often said, that one who would strike down a state statute as violative of the Federal Constitution must show that he is within the class with respect to whom the act is unconstitutional, and must show that the alleged unconstitutional feature injures him, and so operates as to deprive him of rights protected by the Federal Constitution. (Citing cases.)"

See also *Collins* v. *Texas*, 223 U. S. 288, and the more recent case of *Nebbia* v. *New York*, (1934) 291 U. S. 502, 521, 78 L. Ed. 940.

The same principle is clearly applicable in regard to the rights protected by the Organic Act. *Porto Rico Ry., Light & Power Co.* v. *Colom*, 106 F. (2d) 345, 354.

██ Does it appear on the face of the complaint that the challenged legislation deprives the plaintiff or its members of their property without due process of law, or denies to them the equal protection of the laws? Undoubtedly not. The object of said acts is only to direct that upon duly pass-

ing an examination, "the defendants" shall be authorized to practice pharmacy in Puerto Rico. All the members of the plaintiff corporation have already been so authorized and therefore the legislation in question can in no way affect the licenses which have been issued to them. The members of the College of Pharmacists of Puerto Rico have not been granted any monopoly in the practice of their profession. Any prejudice which might be caused to them by an increase in the number of pharmacists, resulting from the defendants' final admission to the practice of the profession, would be *damnum absque injuria,* and that circumstance would not be sufficient to acknowledge in their favor the right to attack the constitutionality of that legislation. *Alabama Power Co.* v. *Ickes,* (1938) 302 U. S. 464, 82 L. Ed. 374; *Tennessee Power Co.* v. *T. V. A.,* (1939) 306 U. S. 118, 83 L. Ed. 543,

The contention of the plaintiff to the effect that the legislation in question constitutes an invasion of the rights and privileges of the Board of Pharmacy is exceedingly absurd. The Board of Pharmacy is a creature of the Legislative Assembly and hence the latter can not only dimnish its prerogatives and invade the powers conferred upon it; but also abolish it whenever it might deem it advisable. But apart from this, the Board of Pharmacy has not alleged such an invasion of its rights and prerogatives, and even conceding that it might set up that allegation, the plaintiff cannot assume a representation which has not been conferred upon it.

For the reasons stated, and it being unnecessary to consider whether the facts properly pleaded show that there is a difference between the parties in regard to the validity of said legislation, we must reach the unavoidable conclusion that on the face of the complaint it implicity appears that the plaintiff by itself or in the representative capacity which it alleges, lacks the necessary interest to be entitled to apply for the remedy provided by the Act relative to declaratory judgments and decrees; and this being so, the court *a*

*quo* erred in overruling the demurrers. Since on the face of the complaint, as we have already stated, it does not appear that this was a case where resort could be had by the plaintiff to such proceeding, the court *a quo*, under that special act, did not acquire jurisdiction to take cognizance of the case, and, consequently, it should have refrained from going into the merits of the same by passing upon the validity of the challenged legislation.

In virtue of the foregoing, the judgment appealed from must be modified by confining its pronouncements to a dismissal of the complaint, with costs to the defendants.